**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

Case Number: 26-cv-2201

CELTIC OCEAN
INTERNATIONAL, LLC,

    Plaintiff,

vs.

SANTE NATURELLE LLC,

    Defendant.

PERMANENT
INJUNCTIVE RELIEF
REQUESTED

DEMAND FOR JURY
TRIAL

_____/

## COMPLAINT

This is an action by Celtic Ocean International, LLC ("Celtic Ocean" or "Plaintiff") to recover damages arising from infringement of Plaintiff's CELTIC SEA SALT trademark by Sante Naturelle LLC ("Defendant" or "Sante") and to enjoin Defendant's future infringement of COI's trademarks. In support of its claims, Plaintiff alleges as follows:

## NATURE OF THE CASE

1.    Founded in 1976, Celtic Ocean's CELTIC SEA SALT® brand has grown into a worldwide brand recommended for both unique taste and unique health benefits. Founder Jacques Delangre, PhD originated the natural salt industry in America with the creation of the CELTIC SEA SALT® brand.

2.    Mr. Delangre dreamt of providing education on the superior health benefits of natural sea salt through the delivery of his products. Today, the Delangre family carries on the distinguished tradition he founded with inimitable passion and pride.

3.    Celtic Ocean guarantees that only the highest quality ingredients will be used to deliver the most pure and simple version available.

4.    In connection with its business, Celtic Ocean owns the federally registered CELTIC SEA SALT® trademark.

5.    Defendant Sante is using Celtic Ocean's CELTIC SEA SALT® trademark without permission, consent or authorization to promote and sell salt products in the marketplace. This unauthorized use of the CELTIC SEA SALT® trademark is not only unlawful but also damaging to Celtic Ocean's brand's reputation and consumer trust. Such use has caused, is causing, and will continue to cause, confusion in the minds of consumers as to the source of the products.

## THE PARTIES

6.    Plaintiff Celtic Ocean International, LLC is a Delaware limited liability company with its principal place of business at 4 Celtic Dr., Arden, North Carolina 28704.

2

7.    Defendant is a limited liability company organized and existing under the laws of the State of Florida with its principal place of business located at 7901 4th Street North #13488, St. Petersburg, Florida 33702.

## JURISDICTION AND VENUE

8.    Through this Complaint, Celtic Ocean asserts claims against Defendant that arise under the Lanham Act of 1946, as amended, 15 U.S.C. § 1051, *et seq.*

9.    The Court has original subject matter jurisdiction over Celtic Ocean's federal claims pursuant to 28 U.S.C. §§ 1331 and 1338(a), as well as 15 U.S.C. § 1121(a) because Celtic Ocean's claims arise under the Lanham Act, 15 U.S.C. § 1051, *et seq.*

10.    Jurisdiction over the common law claim is also appropriate under 28 U.S.C. § 1367(a) because that claim is substantially related to the federal Lanham Act claims.

11.    The Court has personal jurisdiction over Defendant in that Defendant resides in this State; transacts business in this State; has a principal place of business in this State; and has substantial contacts with this State.

12.    Venue is proper in the United States District Court for the Middle District of Florida pursuant to 28 U.S.C. §§ 1391(b)(1) because Defendant's principal place of business is in this judicial district and because, under 28

3

U.S.C. §§ 1391(b)(2)-(3), a substantial part of the events giving rise to the claims herein occurred in this judicial district, and Defendant is subject to the Court's personal jurisdiction for the claims alleged herein.

## I.    BACKGROUND FACTS
### A.    **Celtic Ocean's CELTIC SEA SALT Mark**.

13.    Celtic Ocean is the owner of the CELTIC SEA SALT® trademark. Celtic Ocean has enjoyed significant success as a leading importer and distributor of unprocessed whole salt products, which are marketed under the CELTIC SEA SALT® brand.

14.    Celtic Ocean has continuously used its CELTIC SEA SALT® mark in connection with its unprocessed whole salt products since at least as early as 1986.

15.    Celtic Ocean's CELTIC SEA SALT® brand is an important factor used by the public in identifying the source of Celtic Ocean's goods and is distinctive of those goods.

16.    On June 29, 1999, Celtic Ocean obtained a U.S. trademark registration for the mark CELTIC SEA SALT® in connection with salt which was assigned U.S. Reg.  No. 2,257,230. See Exhibit 1.

17.    CELTIC SEA SALT® registration is valid, subsisting, and incontestable under 15 U.S.C. § 1065. See Exhibit 2.

18.    As a result of widespread advertising and promotion by Celtic Ocean, the mark CELTIC SEA SALT® has acquired a high degree of recognition and distinctiveness as a symbol of the quality of products offered by Celtic Ocean.

B.    **Defendant's Unlawful Activities**.

19.    Defendant was established in Florida in April 2024.

20.    In or around 2024, Defendant adopted and began using the trademark CELTIC SALT in connection with its sea salt products.

21.    Defendant's "CELTIC SALT" mark appears on its product packaging and is advertised on its website, as shown below:



22.    Defendant is using the mark "CELTIC SALT" prominently at least on its packaging as an identification of source.

23.    Celtic Ocean first used and obtained its registration for the CELTIC SEA SALT® trademark well before Defendant first used the "CELTIC SALT" trademark and website.

24.    On June 5, 2025, Celtic Ocean sent Defendant a cease and desist letter, which, among other things, identified Celtic Ocean's trademark rights in the Celtic Ocean's CELTIC SEA SALT® and requested Defendant cease use of said trademark.

25.    Defendant refused to cease use of the "CELTIC SALT" designation.

26.    Defendant's goods under the "CELTIC SALT" mark are the same as, or highly similar to, the goods offered by Celtic Ocean under the CELTIC SEA SALT® mark.

27.    Defendant's "CELTIC SALT" mark is confusingly similar to Celtic Ocean's CELTIC SEA SALT® mark and is fully incorporated the same.

28.    Despite Celtic Ocean's numerous, reasonable efforts to amicably resolve this matter, Defendant continues to use the "CELTIC SALT" mark.

29.    Defendant uses and intends to continue to use the "CELTIC SALT" mark without Celtic Ocean's authorization, thereby confusing consumers as to the source of Defendant's services and resulting in damage and detriment to Celtic Ocean and its reputation and goodwill.

30. Defendant willfully and knowingly used and continues to use the "CELTIC SALT" mark with knowledge of Celtic Ocean's rights in the CELTIC SEA SALT® mark.

## FIRST CLAIM FOR RELIEF
### Federal Trademark Infringement
### (15 U.S.C. § 1114)

31. Celtic Ocean realleges the allegations contained in paragraphs 1 through 31, inclusive, of this Complaint as though fully set forth herein.

32. Defendant's actions described above and specifically, without limitation, its unauthorized use in commerce of the "CELTIC SALT" mark, which is confusingly similar to Celtic Ocean's CELTIC SEA SALT® mark, to advertise, promote, market and sell Defendant's services in the United States, including in Florida, constitute infringement of Celtic Ocean's federally registered trademarks in violation of 15 U.S.C. §1114.

33. Defendant has used in commerce, without Celtic Ocean's permission, the "CELTIC SALT" mark in a manner that is likely to cause confusion with respect to the source and origin of Defendant's business and is likely to cause confusion or mistake and to deceive purchasers as to the affiliation, connection, approval, sponsorship or association of Celtic Ocean and the CELTIC SEA SALT® mark with Defendant and Defendant's services.

34. Defendant's actions, if not enjoined, will continue. Celtic Ocean has suffered and continues to suffer damages in an amount to be proven at

7

trial consisting of, among other things, diminution in the value of, and goodwill associated with, the CELTIC SEA SALT® mark and injury to Celtic Ocean's business.  Celtic Ocean is therefore entitled to injunctive relief pursuant to 15 U.S.C. § 1116.

35.    Pursuant to 15 U.S.C. §1117, Celtic Ocean is entitled to recover damages in an amount to be determined at trial, profits made by Defendant in connection with its unauthorized use of the "CELTIC SALT" mark, and the costs of this action.

36.    Upon information and belief, Defendant's actions are willful, and Defendant intentionally caused and continues to cause confusion, mistake, or deception, making this an exceptional case entitling Celtic Ocean to recover additional treble damages and reasonable attorneys' fees pursuant to 15 U.S.C. § 1117.

## SECOND CLAIM FOR RELIEF
### Federal Unfair Competition and Trademark Infringement
### (15 U.S.C. 1125(a))

37.    Celtic Ocean realleges the allegations contained in paragraphs 1 through 30, inclusive, of this Complaint as though fully set forth herein.

38.    Defendant's actions described above and specifically, without limitation, its unauthorized use in commerce of the "CELTIC SALT" mark, which is confusingly similar to Celtic Ocean's CELTIC SEA SALT® mark, to advertise, promote, market and sell Defendant's services in the United States,

8

including Florida, constitute federal unfair competition and trademark infringement in violation of 15 U.S.C. § 1125(a).

39. Defendant's unauthorized use in commerce of the "CELTIC SALT" mark constitutes a false designation of origin and a false association that wrongfully and falsely designate the services and products offered thereunder as originating from Celtic Ocean or being associated, affiliated or connected with or approved or sponsored by Celtic Ocean.

40. Defendant's actions, if not enjoined, will continue. Celtic Ocean has suffered and continues to suffer damages in an amount to be proven at trial consisting of, among other things, diminution in the value of, and goodwill associated with, the CELTIC SEA SALT® mark and injury to Celtic Ocean's business. Celtic Ocean is therefore entitled to injunctive relief pursuant to 15 U.S.C. § 1116.

41. Pursuant to 15 U.S.C. § 1117, Celtic Ocean is entitled to recover damages in an amount to be determined at trial, profits made by Defendant in connection with its unauthorized use of the "CELTIC SALT" mark, and the costs of this action.

42. Upon information and belief, Defendant's actions are willful, and Defendant intentionally caused and continues to cause confusion, mistake, or deception, making this an exceptional case entitling Celtic Ocean to recover

9

additional treble damages and reasonable attorneys' fees pursuant to 15 U.S.C. § 1117.

### THIRD CLAIM FOR RELIEF
### Common Law Unfair Competition

43.    Celtic Ocean realleges the allegations contained in paragraphs 1 through 30, inclusive, of this Complaint as though fully set forth herein.

44.    Defendant's actions complained of herein constitute unfair competition under the common law of the State of Florida.

45.    Defendant's actions have caused and will likely continue to cause confusion, mistake, and deception among consumers.

46.    Defendant's unfair competition has caused and will continue to cause damage to Celtic Ocean, including irreparable harm for which there is no adequate remedy at law.

47.    As a consequence of Defendant's unfair competition, Celtic Ocean is entitled to damages and injunctive relief ordering Defendant to cease this unfair competition.

### PRAYER FOR RELIEF

**WHEREFORE**, Celtic Ocean respectfully prays for relief against Defendant as follows:

1.    Enter judgment against Defendant as indicated below:

      a.    that Defendant has committed and is committing acts of trademark infringement and unfair competition in violation of 15 U.S.C. §§ 1114, 1125(a) and common law;

      b.    that Defendant has willfully and knowingly committed and is committing acts of trademark infringement in violation of 15 U.S.C. §§ 1114, 1125(a) and common law;

2.    That Celtic Ocean be granted injunctive relief under 15 U.S.C. § 1051 *et seq.* restraining and enjoining Defendant and its agents, partners, servants, employees, officers, attorneys, managers, successors and assigns, and all persons acting in concert with or on behalf of Defendant, from:

      a.    using, imitating, copying, or making any other infringing use of the CELTIC SEA SALT® mark and any other mark now or hereafter confusingly similar or identical thereto, including, but not limited to, the "CELTIC SALT" mark;

      b.    manufacturing, assembling, producing, distributing, offering for distribution, circulating, selling, offering for sale, advertising, importing, promoting, or displaying any goods or services under any simulation, reproduction, counterfeit, copy, or colorable imitation of the CELTIC SEA SALT® mark, including, but not limited to, the "CELTIC SALT" mark;

11

c.    using any false designation of origin or false description or statement which can or is likely to lead the trade or public or individuals erroneously to believe that any good or service has been provided, produced, distributed, offered for distribution, circulated, sold, offered for sale, imported, advertised, promoted, displayed, licensed, sponsored, approved, or authorized by or for Celtic Ocean, when such is not true in fact;

d.    using any mark identical or confusingly similar to the CELTIC SEA SALT® mark, including, without limitation, the "CELTIC SALT" mark;

e.    engaging in any other activity constituting an infringement of the CELTIC SEA SALT® mark or of Celtic Ocean's rights in, or right to use or to exploit, said marks; and

f.    assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (a) through (e) above;

3.    Order Defendant to hold in trust, as constructive trustees for the benefit of Celtic Ocean, its profits obtained from its provision of Defendant's goods and services under the "CELTIC SALT" mark;

12

4. Order Defendant to provide Celtic Ocean a full and complete accounting of all amounts due and owing to Celtic Ocean as a result of Defendant's illegal activities;

5. Order Defendant to pay Celtic Ocean's damages and Defendant's profits pursuant to 15 U.S.C. § 1117(a) for Defendant's willful violation of the CELTIC SEA SALT® mark;

6. Order Defendant to pay trebled damages for the damages sustained by Celtic Ocean that are attributable to Defendant's willful and knowing infringement of Celtic Ocean's federally registered trademark;

7. Order Defendant to pay to Celtic Ocean both the costs of this action and the reasonable attorneys' fees incurred in prosecuting this action; and

8. Grant Celtic Ocean such other and additional relief as is just and proper.

Dated: July 30, 2026

Respectfully submitted,

**DLA Piper LLP (US)**

*/s/ Ardith Bronson*
Ardith Bronson, Esq. (FBN: 423025)
*Lead Counsel*
ardith.bronson@us.dlapiper.com
Kristianne Neu, Esq. (FBN: 1031301)
200 South Biscayne Blvd., Suite 2500
Miami, FL 33131
Telephone (305) 423-8562

*Counsel for Plaintiff*
*Celtic Ocean International, LLC*

13